UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VIRGIL ROY DORDON,

        Plaintiff,

   v.                                     CAUSE NO. 3:22-CV-518-DRL-MGG

KOSCIUSKO COUNTY JAIL *et al.*,

        Defendants.

## OPINION AND ORDER

Virgil Roy Dordon, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Dordon is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Dordon is in custody at the Kosciusko County Jail awaiting trial. He alleges that in early June 2022, he was suffering from an unspecified medical problem that was causing him pain and making it difficult for him to walk. He claims that he had been

trying to get care for approximately nine days but without success. On June 3, 2022, he was in his cell when Officers Jake Pearson and Matt Francis arrived and told him to pack up his things, as he was being moved to another part of the jail. He does not clearly explain where he was being moved, but it appears from context that he was being taken to the infirmary. He allegedly told them he could not walk and needed a wheelchair, to which Officer Francis allegedly responded, "You will go . . . or we will forcefully take you[.]" Mr. Dordon claims he stated that he would go, but just needed a wheelchair as he couldn't walk. At that point, the officers allegedly grabbed his arms and pulled him out of his bed, causing him to strike his head on the bedframe. They then threw him up against a wall "hard enough to wake inmates on the other side of the wall." He claims he was not resisting, but they nevertheless forced his hands behind his back and his arms into a "double chicken wing" position. He claims he previously had surgery on his left elbow, and their actions allegedly exacerbated his old injury. Based on these events, he sues Kosciusko County Jail and Quality Correctional Care, seeking monetary damages and punishment of the officers involved.

Because Mr. Dordon is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). Under the Fourteenth Amendment, an inmate cannot be subjected to force that is "objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat

2

the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397. Mr. Dordon describes an incident of alleged excessive force, but he does not name either of the two officers involved as defendants. Instead, he sues the jail itself, but this is a building not a "person" or policy-making body that can be sued for a constitutional violation under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He has not stated a viable claim in connection with these allegations.

He also names as a defendant Quality Correctional Care, the private company that provides medical staff at the jail. It is not entirely clear, but he may be trying to state a claim for the denial of medical care. Pretrial detainees are entitled to constitutionally adequate medical care. *Miranda*, 900 F.3d at 353-54. To state a claim for the denial of medical care under the Fourteenth Amendment, a detainee must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" related to the provision of medical care, and that the medical care received, or the denial of medical care, was "objectively unreasonable." *Id.* In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence—even gross negligence—do not suffice. *Miranda*, 900 F.3d at 353.

Mr. Dordon's allegations about his medical problem are quite general. He does not describe the condition in any detail or even identify what body part was causing him pain and preventing him from walking. He asserts generally that he tried to get care for a period of nine days, but he does not identify the person to whom he made these requests

or include factual allegations about what he told them and when. Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Mr. Dordon has not included allegations from which the court could plausibly infer that the delay in providing him medical care was objectively unreasonable under the circumstances, or that the care he ultimately received was constitutionally inadequate.

Additionally, he does not name any individual who provided him or denied him medical care. Rather, he names only Quality Correctional Care. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, which means Quality Correctional Care cannot be held liable solely because it employs medical staff at the jail. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company providing medical care at a county jail can be sued under 42 U.S.C. § 1983 for constitutional violations as set forth in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). But such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Mr. Dordon does not include any allegations in his complaint linking an injury he suffered to an official policy or custom of Quality Correctional Care. He has not alleged a plausible claim against this corporate defendant.

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **August 12, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

July 13, 2022                                          *s/ Damon R. Leichty*
                                                       Judge, United States District Court

5