UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VIRGIL ROY DORDON,

    Plaintiff,

v.                                 CAUSE NO. 3:22-CV-518-DRL-MGG

KOSCIUSKO COUNTY JAIL *et al.*,

    Defendants.

## OPINION AND ORDER

Virgil Roy Dordon, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. The court screened his original complaint and determined that it did not state a plausible claim against a viable defendant. The court afforded him an opportunity to submit an amended complaint, and he responded with the present filing.

Under 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Dordon is

proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Dordon is in custody at the Kosciusko County Jail awaiting trial. He alleges that he has a gallstone that is causing him pain and making it difficult for him to walk. He states that a medical staff member he identifies as "Head Nurse Candy" saw him for this issue and misdiagnosed him as having kidney stones. She put him on medication, but it did not address the problem. In May 2022, he began experiencing significant pain and difficulty getting out of bed. He put in medical requests that he says were ignored. Ultimately he underwent a kidney x-ray performed by someone he identifies as "Nurse Samantha." She told him that he did not have kidney stones. Approximately a week later, a nurse he identifies as "Nurse Joslin" came to check on him in his cell, and told him that she was going to ask Head Nurse Candy to examine him.

He did not hear anything more until June 3, 2022, when Officers Jake Pearson and Matt Francis came to his cell and told him to "pack up" because he was going to the medical unit. He told them he could not walk and needed a wheelchair. Officer Francis allegedly responded, "You will go . . . or we will physically take you[.]" Mr. Dordon claims he said he would go but just needed a wheelchair because he couldn't walk. At that point, the officers allegedly grabbed his arms and pulled him out of his bed, causing him to strike his head on the bedframe. They then threw him up against a wall and pinned his arms behind his back "at an uncomfortable angle," which he says exacerbated a prior injury to his elbow. He claims they then went and got a wheelchair and took him to the infirmary.

2

Once at the infirmary, he underwent an ultrasound which revealed that he had a "massive gallstone that was pressed up against [his] back and was pinching a nerve." As best as can be discerned, he did not receive any medical care or medication for the gallstone, other than being given five days' worth of Ibuprofen. He claims that he has repeatedly asked for pain medication but has been told by Nurse Candy to purchase it at the commissary, though she knows he cannot do so because he is indigent. Based on these events, he sues Head Nurse Candy, Nurse Samantha, Officer Francis, and Officer Pearson.

Because Mr. Dordon is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). They are entitled to constitutionally adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does

3

not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Giving Mr. Dordon the inferences to which he is entitled at this stage, he has alleged a plausible Fourteenth Amendment claim against Head Nurse Candy. He claims that she has not given him adequate treatment to address the gallstone and has refused to give him proper pain medication, instead telling him to buy products at the commissary though she knows he can't afford to do so.[1] He will be permitted to proceed past the pleading stage against Head Nurse Candy on a claim for damages under the Fourteenth Amendment.

As for Nurse Samantha, her only alleged involvement in these events as described in the amended complaint was to perform an x-ray and tell him that he did not have kidney stones. The court cannot plausibly infer from this that she committed a volitional act concerning his medical needs that was objectively unreasonable under the circumstances, or that she acted purposefully, knowingly, or recklessly with respect to the risk of harm. *Gonzalez*, 40 F.4th at 828. She will be dismissed as a defendant.

The amended complaint can be read to allege that Mr. Dordon is currently in need of medication and treatment for his gallstone. The Warden has both the authority and the responsibility to ensure that inmates at his facility are provided with constitutionally adequate medical treatment as required by the Fourteenth Amendment. *See Gonzalez v.*

---

[1] Although a nurse would not ordinarily have authority to prescribe medications, Mr. Dordon expressly alleges that Head Nurse Candy had the ability to do so, and the court must accept his allegations as true at this stage. It appears from context that Head Nurse Candy may be a nurse practitioner who is able to make treatment decisions and prescribe medication.

*Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011); *see also Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016) ("[T]he constitutional duty under the Eighth and Fourteenth Amendments to provide adequate health care rests on the custodian."). Mr. Dordon will be allowed to proceed on a claim against the Warden in his official capacity for injunctive relief related to his ongoing need for medical treatment.

It appears Mr. Dordon is also trying to assert an excessive force claim against the two officers who escorted him to the medical unit. Unrelated claims against unrelated defendants belong in different lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Seventh Circuit has explained:

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner. . . . M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

*Id*. Particular care must be taken to ensure that prisoners are not permitted to lump unrelated claims together in one lawsuit so as to avoid the provisions of the Prison Litigation Reform Act. *See Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021).

The court finds that an excessive force claim against the officers is not sufficiently related to the medical care claim to proceed in the same lawsuit. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George*, 507 F.3d at 607. The claim involves different defendants and distinct facts—specifically, whether the officers were justified in the use of force and whether they exacerbated his preexisting elbow injury—that are unrelated

to the claim about the medical care Mr. Dordon has received for his gallstone. The mere fact that all the defendants work at the jail does not mean he can aggregate all his claims against them in one lawsuit. *See Owens*, 635 F.3d at 952. It would be particularly inappropriate to try to litigate these discrete claims together given that Mr. Dordon claims to have a pressing medical issue that needs to be addressed promptly. Therefore, any claim asserted in the amended complaint against Officers Pearson and Francis for excessive force will be dismissed without prejudice. Mr. Dordon may assert the claim in a new lawsuit should he choose to do so, subject to the usual constraints of the Prison Litigation Reform Act.

For these reasons, the court:

(1) DIRECTS the clerk to add the Kosciusko County Jail Warden as a defendant;

(2) GRANTS the plaintiff leave to proceed on an official capacity claim against the Kosciusko County Jail Warden under the Fourteenth Amendment to obtain injunctive relief in the form of adequate medical care for a gallstone;

(3) GRANTS the plaintiff leave to proceed against Head Nurse Candy (last name unknown) on a claim for damages in her personal capacity for denying him constitutionally adequate medical care for a gallstone in violation of the Fourteenth Amendment; and

(4) DISMISSES WITHOUT PREJUDICE any claim asserted against Jake Pearson and Matt Francis;

(5) DISMISSES Nurse Samantha as a defendant;

(6) DISMISSES all other claims;

(7) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Kosciusko County Jail Warden at the Kosciusko County Jail and to send him a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(8) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Head Nurse Candy (last name unknown) at Quality Correctional Care and to send her a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(9) ORDERS the Kosciusko County Sheriff's Office and Quality Correctional Care to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(10) ORDERS the Warden and Head Nurse Candy to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 2, 2022              *s/ Damon R. Leichty*
                               Judge, United States District Court